UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MASTER, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>TODD ROTHBARD, et al.,<br><br>  Defendants. | Case No. 24-cv-07418-PCP<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, SCREENING LAWSUIT PURSUANT TO 28 U.S.C. § 1915(e)(2), AND DISMISSING LAWSUIT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 2, 8 |

## BACKGROUND

Pro se plaintiffs Arthur Master and Dejan Kuzmanovic filed this lawsuit seeking an emergency stay of several proceedings currently pending in Santa Clara County Superior Court. This dispute stems from an underlying eviction action between plaintiffs and defendants Gleiberman Properties, Inc. and MG Properties Group ("landlord defendants"), as well as their legal representatives Todd Rothbard and Steven Naumchik. Plaintiffs also sued Santa Clara County Superior Court Judge Peter Manoukian, alleging procedural misconduct, lack of jurisdiction, and judicial bias. Plaintiffs have filed two documents that are relevant to this order. The first is styled as a petition for writ of mandate and request for emergency stay (Dkt. No. 1). The second is a motion for emergency stay (Dkt. No. 8).

Both filings raise federal causes of action under the First and Fourteenth Amendments. Plaintiffs' First Amendment claim alleges that the landlord defendants' underlying eviction action is a retaliatory response to plaintiffs' participation in a separate class-action lawsuit. Plaintiffs allege that this retaliation is intended to chill their right to protest. Plaintiffs' Fourteenth Amendment claim raises several procedural claims related to judicial bias, misconduct, improper

review of evidence, and faulty service. Plaintiffs also allege unlawful incarceration stemming from contempt of court charges filed against them.

Plaintiffs also raise claims under California state law, including that the landlord defendants lacked standing in the underlying eviction suit and that the court lacked jurisdiction to issue various motions in that suit. Plaintiffs argue that the state court's actions are therefore void under the California Code of Civil Procedure. Finally, plaintiffs claim that defendants failed to comply with the City of San José's Just Cause Ordinance, which provides tenants with certain protections prior to and during eviction proceedings.

Plaintiffs ask the Court to immediately stay the underlying state court eviction proceedings and the various contempt of court proceedings, to void all orders issued by the state court judge, to refer the state court judges to the California Judicial Council for investigation, and to award costs and attorney's fees.

Mr. Master has also moved to proceed in forma pauperis. Dkt. No. 2. Mr. Kuzmanovic has neither paid the filing fee nor submitted the required application to proceed in forma pauperis. For the following reasons, the Court grants Mr. Master's motion to proceed in forma pauperis but dismisses his lawsuit with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Should plaintiffs wish to continue pursuing this lawsuit, they must file an amended complaint that states a valid claim for relief, and Mr. Kuzmanovic must submit an application demonstrating his eligibility to proceed in forma pauperis.

## LEGAL STANDARDS

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed in forma pauperis—i.e., without paying the otherwise mandatory filing fee—if the plaintiff shows that they cannot afford the fees necessary to pursue an action. *See* 28 U.S.C. § 1915(a)(1). The Court, however, must screen every civil action brought in forma pauperis under section 1915 and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

**ANALYSIS**

Mr. Master has submitted documentation sufficient to establish that his listed assets and income are insufficient to enable him to pay the filing fees otherwise required to pursue this action. *See* Dkt. No. 2. Mr. Master is therefore entitled to proceed in forma pauperis. Pro se plaintiff Kuzmanovic has not submitted the required documentation to establish that he is entitled to proceed without paying the Court's filing fee. He cannot proceed in forma pauperis until he does so.

Under 28 U.S.C § 1915(e)(2), district courts are required to screen all actions by plaintiffs proceeding in forma pauperis. In doing so, the Court concludes that Mr. Master's lawsuit must be dismissed because "it fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Most fundamentally, in both his petition and motion, Mr. Master seeks relief that is unavailable to him. Mr. Master asks this Court to issue an injunction staying the ongoing state proceedings and requiring the state court to vacate certain orders issued in prior proceedings. Congress, however, has prohibited this Court from issuing a stay of state court proceedings in all but the rarest of circumstances. The Anti-Injunction Act prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Court ordered supplemental briefing from Mr. Master regarding whether the Anti-Injunction Act bars his claims. Dkt. No. 6. Although Mr. Master's supplemental brief asserts several new arguments under the Fifth Amendment's due process and double jeopardy clauses, the Eighth Amendment, and California's Anti-SLAPP law, the question is not whether he has alleged a violation of his federal constitutional rights. Even where a plaintiff clearly and unmistakably alleges violation of a federal right, "a federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 294 (1970).

The question instead is whether this case falls into one of the extremely narrow exceptions

to the Anti-Injunction Act. Mr. Master has not established that such an exception applies. Because the Court has issued no prior judgment and was exercising no jurisdiction over this matter prior to the filing of Mr. Master's petition, injunctive relief is not required to protect the Court's jurisdiction or its judgments. And while Mr. Master cites *Younger v. Harris*, 401 U.S. 37, 41 (1971), that case emphasized the "longstanding public policy against federal court interference with state court proceedings" and held that federal courts must not "stay or enjoin pending state court proceedings except under special circumstances." *Id.* at 41, 43, 53–54. Mr. Master has not shown that any such circumstances are presented here. To the extent Mr. Master challenges errors in the state court proceedings, those errors generally must be remedied either by pursuing a writ of mandate with the California Court of Appeals, *see* Cal. Code Civ. P. § 1085, or on appeal.

For similar reasons, this Court lacks the power to issue any order vacating orders issued in prior state court proceedings involving Mr. Master. Because federal law "vests authority to review a state court's judgment solely in [the United States Supreme] Court," federal district courts lack subject matter jurisdiction over lawsuits seeking "review and rejection" of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291–92 (2005) (discussing the *Rooker-Feldman* doctrine).

Because the Court cannot offer Mr. Master any of the relief he seeks, his petition "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).[1] The Court therefore dismisses the petition. Dismissal, however, is with leave to amend. Should plaintiffs choose to pursue this matter further, they must file a complaint (rather than a petition), *see* Fed. R. Civ. P. 3, and must comply with Federal Rules of Civil Procedure 8, 9, 10, and 11, which set forth the requirements for such a complaint. These rules generally require:

- The complaint must state claims in numbered paragraphs, each limited to a single set of

---

[1] Although the Court need not address the underlying merits of Mr. Master's federal claims at this time, it notes that the First Amendment generally "binds only the government." *Lindke v. Freed*, 601 U.S. 187, 190 (2024). Should Mr. Master file an amended complaint, the complaint must include allegations sufficient to show why landlord defendants and their counsel—all private parties rather than government officials or entities—can nonetheless be deemed state actors subject to a viable First Amendment claim.

circumstances. Fed. R. Civ. P. 10(b).

- Each statement of fact or event must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Although the Court will interpret a pro se litigant's filings liberally, simplicity of the pleadings allows a defendant to respond to each allegation with specificity.
- Each complaint must allege a plausible claim for relief. Fed. R. Civ. P. 8(a)(2). This includes requesting relief that the Court has authority to grant and naming defendants amendable to suit. Further, under Rule 8, a plaintiff must do more than cite legal principals in conclusory fashion. The complaint must instead demonstrate how the facts at hand give rise to a plausible claim for relief.

### FEDERAL PRO SE PROGRAM

The San Jose Courthouse's Federal Pro Se Program provides free information and limited-scope legal advice to civil litigants proceeding in forma pauperis. This service is free. The Federal Pro Se Program is available by phone appointment at (408) 297-1480, and the Court's webpage includes additional online resources: http://www.cand.uscourts.gov/pro-se-litigants/.

### CONCLUSION

For the foregoing reasons, the Court grants Mr. Master's motion to proceed in forma pauperis but dismisses the petition for writ of mandate and the motion for emergency stay pursuant to 28 U.S.C. § 1915(e)(2)(B). Any amended complaint must be filed by **December 2, 2024**. If Mr. Kuzmanovic wishes to remain a party to this case, he must file the required application to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated: November 4, 2024

P. Casey Pitts
United States District Judge